## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DAVID DAVIS | * | |
| | * | |
| v. | * | Civil No. JFM-15-1746 |
| | * | |
| RANDALL MARTIN, *et. al.* | * | |

****** 

## MEMORANDUM

Plaintiff David Davis ("Davis"), by and through his legal guardian, Maribeth Donohue brings the present class action against Randall Martin, Theresa Martin, and four companies sharing the "Lifeline" name (collectively "defendants") for negligence, violation of constitutional rights, and punitive damages.  Defendants have filed a motion to dismiss Davis's claim for punitive damages.  (ECF No. 47).  The parties have fully briefed the motion and no oral argument is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, defendants' partial motion to dismiss is granted.

## BACKGROUND

The present case arises out of defendants' alleged wrongful treatment of Davis, a 19 year-old quadriplegic, in May 2014.  Davis alleges defendants, who were charged with his and other disabled persons' residential care, left him unattended for long periods, causing bedsores "so severe that his skin and flesh rotted to the bone."  (ECF No. 45, ¶ 39).  After defendants discovered Davis's condition, Davis was rushed to Laurel Regional Hospital.  *Id.* at ¶ 30.   After a transfer to Johns Hopkins Hospital, Davis endured three procedures over the course of three weeks.  *Id.* at ¶ 30.

Davis first filed his suit in state court in Pennsylvania.  Davis's case was removed to federal court on March 13, 2015 and transferred to the District of Maryland on June 12, 2015.

(ECF Nos. 1, 19).  Davis filed an amended complaint on August 25, 2015.  (ECF No. 45).  On

September 25, 2015, defendants filed a motion to dismiss Count III of the amended complaint.

(ECF No. 47).

## STANDARD

When ruling on a motion to dismiss, a court accepts "all well-pled facts as true and

construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency

of the complaint."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th

Cir. 2009).  However, courts should not afford the same deference to legal conclusions.  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint, relying on only well-pled factual allegations,

must state a "plausible claim for relief."  *Id.* at 678.   The "mere recital of elements of a cause of

action, supported only by conclusory statements, is not sufficient to survive a motion made

pursuant to Rule 12(b)(6)."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).   To

determine whether a complaint has crossed "the line from conceivable to plausible," a court must

employ a "context-specific inquiry," drawing on the court's "experience and common sense."

*Iqbal*, 556 U.S. at 680.

## ANALYSIS

Count III of Davis's complaint is a claim for punitive damages.  Under Maryland law,

which governs the case, a plaintiff seeking punitive damages must show the defendant acted with

actual malice, which is defined as a "sense of evil or wrongful motive, intent to injure, ill will, or

fraud."  *Bowden v. Caldor, Inc.*, 710 A.2d 267, 276 (Md. 1998).  Because of the penal nature of

punitive damage claims, courts applying Maryland law are required to subject such claims to

heightened scrutiny.  *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 657 (Md. 1992).

Accordingly, at the motion to dismiss stage, to state a plausible claim for actual malice, plaintiff

must, "allege *in detail* in his complaint the facts that indicate the entertainment by the defendant

of [an evil motive or intent]." *Dow v. Jones*, 232 F. Supp. 2d 491, 496 (D. Md. 2002) (internal

quotation marks and citations omitted) (emphasis in original); *see also Util. Line Servs., Inc. v.*

*Washington Gas Light Co.*, No. 12-3438, 2013 WL 3465211, at *8 (D. Md. July 9, 2013).

Here, Davis fails to plead specific facts showing defendants acted with actual malice.

Davis's allegations supporting his claim for punitive damages fail to rise to the "high degree of

specificity" required to plead such a claim. *Yarn v. Hamburger Law Firm, LLC*, No. 12-3096,

2013 WL 5375462, at *9 (D. Md. Sept. 24, 2013). For example, Davis states:

> [Defendants] actions and in actions [*sic*] were negligent, grossly negligent and/or
> reckless and/or with actual malice, conscious and deliberate wrongdoing, evil or
> wrongful motive, intent to injure, ill will or fraud as to in light [*sic*] of the
> [defendants] knowing and/or should have knowing that to leave David Davis
> without adequate supervision would mean there was an extremely high likelihood
> that he would experience but not limited [*sic*] to extreme pain, anxiety and injury.

(ECF No. 1, ¶ 52)). Similarly conclusory allegations are interlaced throughout Davis's

complaint. (*See, e.g., id.* at ¶ 102 ("The actions of Defendants . . . were performed with actual

malice, conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or

fraud and/or complete disregard for the welfare of the Plaintiffs and for the safety of the

Plaintiffs.")). These allegations are precisely the sort of bare and unsupported legal conclusions

this court is required to ignore.

Even when Davis pleads specific facts, like his allegations that defendants left Davis

unattended and vulnerable to bedsores and that defendants failed to contact first responders

within an adequate amount of time (*see* ECF No. 1, ¶¶ 39, 50)—Davis fails to link these facts to

his punitive damage claim. Namely, Davis does not show that, when engaged in the alleged

conduct, defendants acted "knowingly, intentionally, and with malice." *See Util. Line Servs.,*

*Inc.*, 2013 WL 3465211, at *8 (holding that when plaintiffs accused a defendant of striking an

underground pipeline, without more, there was no plausible claim of intentional malice) (internal

3

citations and quotation marks omitted).  Thus, defendant's motion to dismiss Count III of the Davis's complaint is granted.

## <u>CONCLUSION</u>

For the aforementioned reasons, defendants' partial motion to dismiss is granted.


_____10/22/2015_____                    _____/s/_____
Date                                           J. Frederick Motz
                                               United States District Judge